Nicasio León, Plaintiff and Appellant, v. Eraclio Pérez, Defendant and Appellee.

No. 9756. Argued June 2, 1948.—Decided June 8, 1948.

E. *Tristani, Jr.*, for appellant. *Rafael Atiles Moréu* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

This is an action of revendication. In dismissing the complaint the lower court stated that ". . . plaintiff's evidence fails to give a detailed description of the alleged portion unlawfully held by the defendant establishing the surface measurements, points, distances and boundaries necessary for the proper identification of the property claimed. . . ." This is true.

■■ Plaintiff's evidence, which was the only one presented at the trial, for although the defendant answered the complaint he did not appear, showed that he purchased a lot of two hundred and twelve square meters from Felícita Quintana for $2,400; that before purchasing the lot it was fenced and upon measuring it, found that it had a shortage of fifty-five meters and thirty-seven square centimeters; that he informed the defendant who was an adjacent owner and the latter answered him that he would tell Felipe Segarra from whom he had purchased; that when the lot was delivered to the plaintiff it was fenced; that it is in the same conditions as when he purchased it and that it did not have two hundred and twelve meters; that he had a drawing made of his lot and of defendant's, which is contiguous, and that the latter had fifty-one meters in excess, according to defendant's deed.[1] In describing his lot plaintiff only mentioned the eastern boundary.

This evidence is plainly insufficient to support an action of revendication. The plaintiff admitted that before purchas-

---

[1] This deed was not presented in evidence.

ing the lot from Felícita Quintana the same was fenced and had a shortage of fifty-five square meters. Instead of taking this up with the vendor he merely told the defendant, an adjacent owner, and then purchased the lot. Plaintiff did not show that the shortage of fifty-five meters in his lot corresponds to the excess of fifty-one meters which, according to the engineer who made the drawings, defendant's lot has. The defendant did not take part in the preparation of the drawing and although it was admitted in evidence, it is not sufficient to establish plaintiff's title, *Matienzo* v. *Cancio et al.*, 23 P.R.R. 250, *Ubarri* v. *Calaf*, 44 P.R.R. 296, wherein we held, copying from the syllabus, that "In an action of revendication the plaintiff must recover on the strength of his own title, and can not rely upon the fact that defendant is in possession of a few acres in excess of the area specified in his title papers."

In the case at bar plaintiff did not even present in evidence the deed of defendant's lot but it was merely mentioned by the engineer in his drawing. Likewise there was no evidence that Felícita Quintana in selling the lot to the plaintiff had possession of the fifty-five square meters which plaintiff claims. On the contrary the evidence showed that she did not possess them because plaintiff purchased the lot fenced. Even if we should accept that the adjacent lot belonging to the defendant had an excess in area, this fact, by itself, is not sufficient to entitle plaintiff to recover it on the strength of the evidence presented in this case. *Capó* v. *Romaní*, 45 P.R.R. 831.

 The lower court did not commit the first, second and fourth assignments of error alleged by the appellant and which refer, in different manner, to the weighing of the evidence. Neither was the third error committed, for in ordering the plaintiff to pay the costs the court complied with § 327 of the Code of Civil Procedure, as amended by Act No. 94 of May 11, 1937 and we find nothing in the record which

warrants our disturbing the discretion of the court in ordering the plaintiff to pay $50 for attorney's fees inasmuch as the facts prove that he acted with obstinacy in bringing this action.

Judgment is affirmed.

Mr. Justice De Jesús did not participate herein.

